# IN THE COURT OF APPEALS OF IOWA

No. 21-0269
Filed June 29, 2022

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**JARROD MICHAEL JACOBSEN,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Plymouth County, Daniel P. Vakulskas, District Associate Judge.


        Jarrod Jacobsen appeals his conviction for operating a motor vehicle while intoxicated, second offense. **AFFIRMED.**


        Debra S. De Jong of De Jong Law Firm, P.C., Orange City, for appellant.

        Thomas J. Miller, Attorney General, and Israel Kodiaga, Assistant Attorney General, for appellee State.


        Considered by Vaitheswaran, P.J., Tabor, J., and Scott, S.J.*

        *Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2022).

**VAITHESWARAN, Presiding Judge.**

Almost a decade ago, in the early morning hours of a cold New Year's Day, a Plymouth County deputy saw a car pulled over on the side of a county road, with someone outside. He noticed that "[t]he windows were either iced-over or fogged over." The deputy "pulled up behind the vehicle and began to check license plate information." He identified the driver as Jarrod Michael Jacobsen.

The car started to drive away. The deputy turned on his overhead lights and made contact with Jacobsen. The deputy noticed that Jacobsen's eyes "were watery" and "his speech was slurred." Jacobsen failed multiple field tests and a preliminary breath test and was taken to jail, where he refused to provide a breath specimen.

The State charged Jacobsen with operating a motor vehicle while intoxicated, second offense, in violation of Iowa Code § 321J.2 (2013). When Jacobsen failed to appear for a pretrial conference, the district court issued a warrant for his arrest. He was ultimately arrested more than six years later.

Jacobsen filed a motion to suppress evidence resulting from the traffic stop. The district court denied the motion following an evidentiary hearing. Jacobsen waived his right to a jury trial, and the district court found him guilty on the minutes of testimony. This appeal followed.

Jacobsen contends the warrantless stop of his vehicle was an unreasonable seizure in violation of the Fourth Amendment to the United States Constitution and article I, section 8 of the Iowa Constitution. *See State v. Tyler*, 830 N.W.2d 288, 292 (Iowa 2013). "Because [he] has not proposed a standard for interpreting our search and seizure provisions under the Iowa Constitution differently from its

federal constitutional counterpart, we will apply the general standards as outlined by the United States Supreme Court for addressing a search and seizure challenge under the Iowa Constitution." *Id.*

"A traffic stop is unquestionably a seizure under the Fourth Amendment." *Id.* "Generally, a traffic stop is reasonable when the police have probable cause or reasonable suspicion to believe that the motorist violated a traffic law." *State v. Brown*, 930 N.W.2d 840, 845 (Iowa 2019). An officer's "[s]ubjective intentions play no role in ordinary, probable-cause Fourth Amendment analysis." *Whren v. United States*, 517 U.S. 806, 813 (1996). The test is whether "the totality of the circumstances as viewed by a reasonable and prudent person would lead that person to believe that a crime has been or is being committed and that the arrestee committed or is committing it." *State v. Tague*, 676 N.W.2d 197, 201 (Iowa 2004) (citation omitted).

Iowa Code section 321.438(1) states, "A person shall not drive a motor vehicle equipped with a windshield, sidewings, or side or rear windows which do not permit clear vision." The State argues the deputy "observed a traffic violation prior to initiating a traffic stop" in the form of the "iced-over or fogged over" rear window. On our de novo review, we agree.

The deputy was asked whether he observed "any type of traffic violation." He responded, "The only thing that I observed . . . which would be a traffic violation was either the iced-over windshield—or not windshield, but the—the rear of the vehicle, or fogged-over, to where nobody could be able to see out of the vehicle." His testimony contradicts Jacobsen's present assertion that the deputy "did not

actually determine if there was any traffic violation prior to activating his overhead lights to pull the vehicle over."

The deputy's testimony was corroborated by the dash camera video footage, which indisputably disclosed an obscured rear window as the deputy approached the vehicle. Before the deputy could engage Jacobsen about the window or any other matter, Jacobsen began driving away. The deputy activated his lights and brought Jacobsen to a stop. His observation of the obscured rear window amounted to probable cause to support the traffic stop. *See State v. Moreno*, No. 13-1053, 2014 WL 2600282, *2 (Iowa Ct. App. June 11, 2014) (concluding an officer had probable cause to stop a vehicle based in part on his observation that the vehicle's "rear window was completely covered with frost or ice which obscured the driver's vision").

While our opinion could end here, we briefly address whether the officer had reasonable suspicion to make the stop. *See State v. Struve*, 956 N.W.2d 90, 95 (Iowa 2021) ("One exception allows an officer to briefly detain a driver to investigate whether a traffic violation has been, or is being, committed, but only if the officer can establish reasonable suspicion for the stop."). "Reasonable suspicion to support an investigatory stop requires that the officer identify 'specific and articulable facts, which taken together with rational inferences from those facts, [leads the officer] to reasonably believe criminal activity may have occurred.'" *Id.* at 95–96 (quoting *Tague*, 676 N.W.2d at 204). As discussed, the deputy articulated those facts. He was not obligated to "rule out all possibility of innocent behavior before briefly detaining [the] driver." *Id.* at 96. And he could make "commonsense judgments and inferences about human behavior in determining

whether the particular facts . . . indicate[d] criminal activity sufficient to warrant investigation." *Id.* (citation and internal quotations omitted). We conclude, in the alternative, that the officer had reasonable suspicion to make the stop. We affirm the district court's denial of Jacobsen's suppression motion.[1]

**AFFIRMED.**

---

[1] The district court addressed and rejected the applicability of the community caretaking exception to the warrant requirement. Notably, the United States Supreme Court recently limited the scope of the community caretaking exception in *Caniglia v. Strom*, 141 S. Ct. 1596, 1599 (2021). This court addressed *Caniglia*'s parameters in *State v. Torres*, No. 20-1549, 2022 WL 1658371, at *4 (Iowa Ct. App. May 25, 2022). The community caretaking exception is not an issue in this appeal.